☒ FILED          ___ LODGED
___ RECEIVED    ___ COPY

JUL 3 1 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

Individual and official capacity; and

HOWARD BROWN, in his official capacity,

Defendants.

**CV26-08183-PCT-JJT**

Case No. CV-26-_____-PCT-

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _____ Leewp Siy _____
                    (Rule Number/Section)

PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 65(b) and Local Rules of Civil Practice for the District of Arizona ("LRCiv") 65.1, Plaintiffs Andrew Stephens, Michelle Kellison, and Scarlett Stephens (by and through her guardian and next friend Michelle Kellison) respectfully move this Court for a Temporary Restraining Order enjoining Defendants from: (1) collecting the $1,520 civil fine imposed by the July 13, 2026 Administrative Order; (2) requiring Plaintiffs to cease use of their recreational vehicles as dwellings; and (3) taking any further enforcement action against the subject property, pending a hearing on Plaintiffs' forthcoming motion for a preliminary injunction.

This motion is supported by the concurrently filed Verified Complaint, the Declarations of Andrew Stephens, Michelle Kellison, and Scarlett Stephens (by and through her guardian), and the attached Exhibits A–H.

I.      INTRODUCTION

This emergency motion is necessary because, absent immediate relief, Defendants will collect a $1,520 fine and enforce a mandate that Scarlett Stephens—a non-verbal adult with Level 3 Autism Spectrum Disorder who has no alternative housing—vacate the only home she has ever known, on or about July 24, 2026. The harm to Scarlett Stephens from

such displacement is immediate, severe, and irreparable, and cannot be remedied through money damages after the fact.

Just two days ago, on July 15, 2026, Deputy County Attorney Angela Lane formally notified Plaintiffs that the County "will not grant any further stays or waivers of fines" and "decline[s] any offer of settlement." [Exhibit H]. The County intends to collect the fine and enforce the "vacate first" mandate. This Court's immediate intervention is required to prevent catastrophic harm to a profoundly disabled young woman.

II.      FACTUAL BACKGROUND

The factual background is set forth in detail in Plaintiffs' concurrently filed Verified Complaint and is incorporated herein by reference. In brief:

A. The Catch-22

Coconino County's official "Zoning Permit Timeframes 2020" policy states: "All open zoning violations shall be resolved prior to the issuance of a Permit." [Exhibit A].

Plaintiffs are religious adherents who reside on a remote 56-acre property in Coconino County, Arizona, practicing a nomadic ministry doctrine that prohibits permanent residential structures. They utilize high-quality, mobile recreational vehicles (RVs) for shelter, prayer, and communal gathering.

The County opened a code enforcement case against Plaintiffs, alleging that their use of RVs as temporary dwellings violated the County's zoning code. The opening of this case instantly triggered the 2020 Policy, creating a regulatory trap: Plaintiffs cannot obtain permits while the violation exists, and they cannot cure the violation without permits. This is the "Catch-22."

B. The County's Conflicting Positions

The County has taken six conflicting positions on whether Plaintiffs may apply for permits while an open violation exists:

Date    Position        Source

2020    "All open violations shall be resolved prior to permit"    Written Policy [Exhibit A]

April 10, 2025 "Payment is ready" (accepted application with open violation)  Schwartz Email [Exhibit E]

April 17, 2026 "You can apply based on current condition"       Lane Email [Exhibit B]

July 9, 2026    "A CUP may issue with an open code enforcement case"        McNeely Email [Exhibit C]

July 13, 2026  "The policy is not binding...you should have vacated"     Brown Order [Exhibit D]

July 15, 2026  "CUP Findings do not include consideration of open violations" Lane Email [Exhibit H]

C. Scarlett Stephens: The Human Cost

Plaintiff Scarlett Stephens is a 21-year-old non-verbal adult with Level 3 Autism Spectrum Disorder. She requires 24-hour specialized care and is extremely sensitive to sensory input.

The remote 56-acre property is her "only home" and she has "no alternative housing." [Exhibit D, Pages 7, 10–11].

On April 6, 2026, Plaintiffs formally requested that the County grant a reasonable accommodation: a stay of enforcement while Scarlett remains in her necessary, sensory-isolated RV shelter. [Exhibit G].

On April 6, 2026, Plaintiffs formally requested that the County grant a reasonable accommodation: a stay of enforcement while Scarlett remains in her necessary, sensory-isolated RV shelter. [Exhibit G]. Yet on July 13, 2026, Hearing Officer Howard Brown issued an Administrative Order imposing a $1,520 fine and directing Plaintiffs to "cease use" of their RVs—a constructive eviction of Scarlett from her only home. [Exhibit D, Page 13].

D. The County's Formal Refusal to Stay Enforcement

On July 15, 2026, Deputy County Attorney Lane formally responded to Plaintiffs' Intent to Sue. The County:

- Refused to grant any stay of enforcement or waiver of fines. [Exhibit H, ¶ 1(a)].

- Declined any offer of settlement. [Exhibit H, Final Paragraph].

- Stated the County "does not fear litigation." [Exhibit H, Final Paragraph].

- Admitted that "the Zoning Ordinance Findings of Fact for a CUP do not include consideration of open violations." [Exhibit H, ¶ 2(a)].

This admission directly contradicts the 2020 Policy and Brown's Order, proving the County's enforcement was selective, arbitrary, and discriminatory.

### III.   LEGAL STANDARD

A party seeking a temporary restraining order must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest.Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

In the Ninth Circuit, these elements may also be evaluated on a sliding scale, such that a stronger showing of irreparable harm may offset a lesser showing on the merits.Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (establishing the "serious questions" test).

Plaintiffs satisfy both standards. Plaintiffs have a strong likelihood of success on the merits of their FHA, RLUIPA, and due process claims, and the irreparable harm to Scarlett Stephens is immediate, severe, and catastrophic.

### IV.   ARGUMENT

#### A.  Plaintiffs Are Likely to Succeed on the Merits

##### 1.  Fair Housing Act – Reasonable Accommodation

The FHA requires municipalities to make reasonable accommodations in zoning rules, policies, or practices when such accommodations are "necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling."Giebeler v. M&B Assocs., 343 F.3d 1143, 1147 (9th Cir. 2003);City of Edmonds v. Oxford House, Inc., 514 U.S. 725 (1995).

- Protected Status: Scarlett Stephens is a non-verbal adult with Level 3 Autism Spectrum Disorder. She is a "han"icapped" person under 42 U.S.C. § 3602(h).

- Dwelling: The RV on the 56-acre property is Scarlett's "only home" and she has "no alternative housing." [Exhibit D].

- Requested Accommodation: Plaintiffs requested a stay of enforcement while Scarlett remains in her medically necessary RV shelter. [Exhibit G].

- The Refusal: The County refused to stay enforcement. [Exhibit H, ¶ 1(a)]. The County's demand that Scarlett "cease use" of her RV is a constructive eviction and a flat denial of reasonable accommodation.

2. RLUIPA – Substantial Burden

A substantial burden on religious exercise exists when government action imposes a "significantly great restriction or onus" on religious exercise, San Jose Christian Coll. V. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004), or creates a repeated, circular process that "to a significantly great extent lessen[s] the prospect" of obtaining land-use approval, Guru Nanak Sikh Soc'y v. County of Sutter, 456 F.3d 978, 992 (9th Cir. 2006).

The County's 2020 Policy and Brown's Order create a circular administrative requirement: Plaintiffs cannot maintain their religious practice (residing in mobile shelters) and obtain a permit, because the County refuses to process permits while the violation exists. The County's own July 15, 2026 admission that CUPs cannot consider open violations [Exhibit H] proves the 2020 Policy was selectively enforced and the burden was unnecessary.

3. RLUIPA – Equal Terms

A land-use regulation violates the Equal Terms provision if it treats a religious assembly less favorably than a secular assembly that is similarly situated.Centro Familiar Cristiano Buenas Nuevas v. City of Yuma, 651 F.3d 1163, 1172-73 (9th Cir. 2011).

Within the same G-General zoning district, the County permits:

- Grand Canyon Oasis – a commercial RV park hosting continuous residential RV use.

- El Nathan Ministries – a religious retreat allowed to maintain mobile residential structures for decades.

Plaintiffs are subjected to aggressive enforcement, surveillance, and a $1,520 fine. This is aprima facie Equal Terms violation.

### 4. Due Process – Fourteenth Amendment

Enforcing a nonbinding policy to extract a $1,520 fine, while issuing six conflicting directives, constitutes a denial of procedural due process.Mathews v. Eldridge, 424 U.S. 319 (1976). Forcing a non-verbal, autistic adult to vacate her only home as a precondition to permit review is arbitrary, capricious, and shocks the conscience.

### B. Plaintiffs Will Suffer Immediate and Irreparable Harm

Scarlett Stephens has no alternative housing. The RV that Defendant's Order requires her to vacate is her only home and, given her diagnosis, a medically necessary and sensory-appropriate dwelling. [Exhibit D].

Requiring her removal without any alternative shelter in place will cause immediate, severe, and irreversible physical and psychological harm that cannot be remedied by an award of money damages after the fact. Loss of one's home, particularly for a profoundly disabled individual with no alternative housing, is a paradigmatic form of irreparable injury warranting emergency injunctive relief.

The County has formally refused to stay enforcement. [Exhibit H, ¶ 1(a)]. The $1,520 fine is due July 24, 2026, and the County has referred the matter for prosecution. Every day of delay increases the risk that Scarlett Stephens will be displaced from her only home.

        C.  The Balance of Equities Favors Plaintiffs

A short injunction preserving the status quo while this action proceeds imposes minimal, if any, burden on the County, which will retain its ability to enforce its zoning code following a full and fair adjudication of Plaintiffs' claims. That burden is vastly outweighed by the harm Plaintiffs will suffer from immediate enforcement of the July 13 Order.Winter, 555 U.S. at 24.

        D.  An Injunction Is in the Public Interest
        E.

The public has a strong interest in ensuring that local governments comply with federal civil rights statutes protecting religious exercise and disabled individuals' right to housing, and in preventing the constructive eviction of a non-verbal, profoundly disabled adult without due process.Rodriguez v. Robbins, 715 F.3d 1127, 1146 (9th Cir. 2013).

## V. CERTIFICATION UNDER RULE 65(b)(1)(B)

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B) and Local Rules of Civil Practice for the District of Arizona (LRCiv) 65.1, Plaintiffs Andrew Stephens and Michelle Kellison, appearingpro se, hereby certify the following reasons why immediate,ex parte relief is required and why formal, written notice should not be required prior to the issuance of a Temporary Restraining Order:

1. Imminent, Irreparable Harm to a Vulnerable Adult: Plaintiff Scarlett Stephens is a non-verbal adult with Level 3 Autism Spectrum Disorder who requires strict environmental stability. The July 13, 2026 Administrative Order commands Plaintiffs to "cease use" of their RV dwellings—constructively evicting Scarlett from her only home—and imposes a $1,520 fine due on July 24, 2026. The administrative deadline is 8 days from the date of this filing. Any delay associated with requiring formal pre-filing notice and a scheduled response period will result in the immediate, irreparable physical and psychological decompensation of Scarlett Stephens before she can be heard.

2. Exhaustion of Informal Advocacy and Unequivocal Rejection: On April 6, 2026, Plaintiffs formally requested a Reasonable Accommodation under the FHA (Exhibit G). On July 15, 2026, Deputy County Attorney Angela Lane responded on behalf of the County, stating explicitly that the county "will not grant any further stays or waivers of fines" and "decline[s] any offer of settlement" (Exhibit H). Because the County has officially and unequivocally rejected any administrative stay, formal pre-motion notice would be futile and would serve only to run down the remaining 8-day clock prior to the County referring the matter for civil execution and removal.

3. Immediate Notice Post-Filing: Plaintiffs certify that they will provide immediate, electronic notice of this filing by emailing the Verified Complaint, this Motion, and all supporting documents and exhibits to Deputy County Attorney Angela Lane (alane@coconino.az.gov) within one hour of electronic filing with this Court.

V.    CONCLUSION

Plaintiffs have demonstrated a strong likelihood of success on the merits, immediate and irreparable harm to Scarlett Stephens, a balance of equities tipping sharply in their favor, and a public interest in enforcing federal civil rights. The TRO should be granted immediately.

WHEREFORE, Plaintiffs respectfully request that this Court:

    A.  Issue a Temporary Restraining Order enjoining Defendants from collecting the $1,520 fine, requiring Plaintiffs to cease use of their RV dwellings, or taking any further enforcement action against the Property pending resolution of this action;

    B.  Order Defendant Coconino County to immediately accept, process, and review Plaintiffs' applications for Conditional Use Permits, variances, and any other necessary land-use permits in their current condition, without enforcing the "vacate first" precondition or the 2020 Policy block;

    C.  Schedule a preliminary injunction hearing at the earliest available date;

    D.  in light of Plaintiffs' indigence; and

    E.

    F.  Grant such other and further relief as this Court deems just and proper.

DATED this 16th day of July, 2026.

Respectfully submitted,

/s/ Andrew Stephens

Andrew Stephens, Plaintiff Pro Se

/s/ Michelle Kellison

Michelle Kellison, Plaintiff Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July, 2026, a true and correct copy of the foregoing Plaintiffs' Emergency Motion for a Temporary Restraining Order and Memorandum of Points and Authorities in Support, along with all supporting documents, was filed with the Clerk of the United States District Court for the District of Arizona. Service on Defendants will be completed by the U.S. Marshal's Service upon approval of Plaintiffs' IFP applications, or as otherwise ordered by the Court. A copy of the filing will also be emailed to Defendants' counsel of record, Angela Lane, atalane@coconino.az.gov.

/s/ Andrew Stephens

Andrew Stephens, Plaintiff Pro Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ANDREW STEPHENS, an individual;

MICHELLE KELLISON, an individual;

And SCARLETT STEPHENS, a disabled adult,

By and through her guardian and next friend

MICHELLE KELLISON,

Plaintiffs,

v.

COCONINO COUNTY, ARIZONA, a political

Subdivision of the State of Arizona;

MARK STENTO, in his individual and

Official capacity; JOHN KOLE, in his

Individual and official capacity; and

HOWARD BROWN, in his official capacity,

Defendants.

Case No. CV-26-_____-PCT-

[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

This matter having come before the Court on Plaintiffs' Emergency Motion for a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b), and the Court having reviewed the Verified Complaint, the Motion, the Memorandums of Points and Authorities, and the supporting Declarations, and being fully advised:

THE COURT FINDS THAT:

1.  Plaintiffs have established a likelihood of success on the merits of their claims under the Fair Housing Act (42 U.S.C. § 3604), the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc), and the Fourteenth Amendment.

2.  Plaintiff Scarlett Stephens, a non-verbal adult with Level 3 Autism Spectrum Disorder, will suffer immediate, severe, and irreparable physical and psychological harm if she is forced to vacate her medically necessary RV dwelling.

3.  The balance of equities tips sharply in Plaintiffs' favor, and a temporary restraining order is in the public interest.

4. Plaintiffs have complied with the notice requirements of Rule 65(b)(1)(B).

IT IS HEREBY ORDERED THAT:

   A. Defendants Coconino County, Mark Stento, John Kole, and Howard Brown, and their officers, agents, employees, and attorneys, areTEMPORARILY RESTRAINED AND ENJOINED from collecting the $1,520 fine, requiring Plaintiffs to "cease use" of their RV dwellings, or taking any further zoning or land-use enforcement action against the subject property.

   B. Defendant Coconino County shall immediately accept and process Plaintiffs' applications for permits under the current conditions of the property, without enforcing the "Zoning Permit Timeframes 2020" policy bar or any "vacate first" precondition.

   C. This Order is issued without security, as Plaintiffs are indigent and proceedingin forma pauperis.

IT IS FURTHER ORDERED that Defendants appear before this Court on the _____ day of _____, 2026, at ____: ____ _.m., in Courtroom _____ of the United States District Court for the District of Arizona, located at 123 North San Francisco Street, Flagstaff, Arizona, toSHOW CAUSE why a Preliminary Injunction should not issue.

This Temporary Restraining Order shall expire on _____, 2026, unless extended by the Court.

Issued this _____ day of July, 2026, at ____: ____ _.m.