**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Andrew Stephens, *et al.*,<br>Plaintiffs,<br>v.<br>County of Coconino, *et al.*,<br>Defendants. | No. CV-26-08183-PCT-JJT<br>**ORDER** |

At issue is *pro se* Plaintiffs Andrew Stephens, Michelle Kellison, and Scarlett Stephens' renewed Applications to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 10, 11.) The Court finds the Applications again lack sufficient information from which the Court can determine whether Plaintiffs have the means to pay the Court's fees. Specifically, Plaintiffs do not list Plaintiff Scarlett Stephens' expenses in any detail. (Doc. 15.) The renewed Applications are therefore denied with leave to submit third and final applications. The Court has also screened the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2) and dismisses it for failing to satisfy federal pleading requirements.

## I. LEGAL STANDARDS

For cases in which a party proceeds *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127.

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Yet, pleadings that amount to "no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. A dismissal for failure to state a claim can therefore be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. ANALYSIS

### A. Pleading Requirements

Plaintiffs plead eight causes of action in the Complaint: two violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA), one Fair Housing Act (FHA) claim, one Americans with Disabilities Act (ADA) claim, three 42 U.S.C. § 1983 claims, and one constitutional claim (under the Seventh Amendment).

Plaintiffs broadly complain of unfair administrative treatment by Defendant Coconino County and by the County's employees Mark Stento, John Kole, and Howard Brown (Doc. 1), alleging that Defendants ordered Plaintiffs to stop living in their Residential Vehicle (RV), where they sleep and care for their disabled daughter (Plaintiff Scarlett Stephens) (Doc. 1 ¶¶ 1–3, 7–24). Plaintiffs also claim they find themselves caught in an administrative nightmare, a "Catch-22," involving an RV permitting application and a prior fine assessed by Defendant Coconino County. (Doc. 1 ¶ 1.) Plaintiffs write that they cannot "cure an alleged zoning violation before [their] permit application will be processed" but also cannot "cure that violation without a permit." (Doc. 1 ¶ 1.)

After careful review of the Complaint, the Court finds that Plaintiffs' claims fail to meet a host of basic pleading requirements. For starters, the Complaint is littered with conclusions left unsupported by the rest of the pleadings. For instance, the Complaint alleges that Defendant Coconino County violated RLUIPA by treating "secular and commercial comparators . . . more favorably than Plaintiffs with respect to permitting and enforcement." (Doc. 1 ¶ 29.) But Plaintiffs do not provide any other details regarding these parties nor the alleged disparate treatment by Defendant Coconino County. In fact, after the initial reference, Plaintiffs never mention the "comparators" again. Similar examples abound for the other Counts. For example, under Plaintiffs' ADA claim, they conclude without explanation that the RV is "medically necessary" (Doc. 1 ¶ 32), and under one of the section 1983 claims, they conclude Defendants Stento and Kole "pressur[ed] Plaintiffs to abandon the Property," yet nowhere else describe that pressure (Doc. 1 ¶ 41). The Court could go on.

The Complaint is also contradictory. A court need not accept as true allegations that contradict "matters properly subject to judicial notice" or "documents referred to in the complaint." *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Here, Plaintiffs summarily aver Coconino County restricted Plaintiffs' access to an RV permit until satisfying a fine, yet Plaintiffs also state (and append emails showing) that at least two Coconino County employees told them precisely the opposite. (Doc. 1 ¶ 19 ("Deputy County Attorney Lane confirmed in writing that Plaintiffs could apply for a permanent RV permit"); ¶ 20 ("County Planner Jess McNeely stated . . . a conditional use permit [] may be issued notwithstanding an open code enforcement case"); Exhs. B–F, H.) The same goes for Plaintiffs' claim that a July 13, 2026 administrative order required Plaintiffs to "cease use" of their RV. (Doc. 1 ¶ 2.) Instead, the order (appended to the Complaint) merely directs Plaintiffs *inter alia* to pay the original fine. (Doc. 1 Exh. D.) It does not order Plaintiffs to vacate the RV. (Doc. 1 Exh. D.) Yet again, the Court could go on.

. . . .

**i. RLUIPA Claims (Counts One and Two)**

The Complaint also fails to state cognizable claims. Count One alleges the government has imposed a "substantial burden" on their religion. 42 U.S.C. § 2000cc(a) ("No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person . . . ."). Count Two alleges an "equal terms" violation. 42 U.S.C. § 2000cc(b) ("No government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution . . . .").

But the Complaint is devoid of even minimal descriptions of their religious practices or beliefs. Without such descriptions, the Court cannot discern whether, if at all, Plaintiffs' practices are burdened, let alone *substantially* so. *See San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (defining substantial burden as "oppressive to a significantly great extent"). Further, on the equal terms claim, Plaintiffs also fail to allege the threshold fact that they are or operate a religious assembly or institution. 42 U.S.C. § 2000cc(b) ("No government shall impose or implement a land use regulation in a manner that treats a religious *assembly* or *institution* on less than equal terms . . . .") (emphasis added). Nor do Plaintiffs provide any semblance of specificity as to how their assembly is treated on less than equal terms than other non-religious institutions or how the zoning ordinance specifically impacts the assembly. *Calvary Chapel Bible Fellowship v. Cnty. of Riverside*, 948 F.3d 1172, 1177 (9th Cir. 2020) (affirming lower court's dismissal of equal terms claim where church was "not prohibited from pursuing its religious practices under the zoning ordinance").

**ii. FHA and ADA Claims (Counts Three and Four)**

The remaining claims suffer similar defects. Plaintiffs plead an FHA claim (Count Three) under 42 U.S.C. § 3604(f)(3)(B) and an ADA claim (Count Four) under 42 U.S.C. § 12132. The FHA statute prohibits discrimination, including the "refusal to make reasonable accommodations . . . when such accommodations may be necessary to afford such personal equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(a)–(f).

Here, Plaintiffs allege that Defendants' instruction to "cease use" of the RV failed to reasonably accommodate Plaintiff Scarlett Stephens' disability because she is required to live in the RV. But accepting this as true would require the Court to ignore contradictory pleading regarding Defendants "cease use" instruction. (Doc. 1 ¶ 2.) As stated *supra*, the July 16 administrative order simply does not require Plaintiffs to cease use of the RV (Doc. 1 Exh. D), and the Court need not accept as true allegations which are contradicted by materials cited in the Complaint. *Sprewell*, 266 F.3d at 988. Even beyond this issue, Plaintiffs do not provide the Court with other basic answers to basic questions, such as *why* the RV must remain in that location, *how* caring for the disability requires Plaintiff Scarlett Stephens live in the RV, or *what* the reasonable accommodation to Defendant Coconino County's policy would be.

The ADA claim fails for a similar reason, namely that they do not sufficiently allege how Plaintiff Scarlett Stephens has been "excluded from participation" or "be[en] denied the benefits" of state services. *See* 42 U.S.C. § 12132. To the contrary, Plaintiffs submit documentation showing that Defendant Coconino County officials were "eager" to assist with a request for potential accommodations. (Doc. 1 Exh. B.)

**iii. Section 1983 Claims (Counts Five, Six, and Seven)**

The 42 U.S.C. § 1983 claims also fail (Counts Five, Six, and Seven). Section 1983 grants every person a right of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. However, section 1983 is "not itself a source of substantive rights." *Sampson v. Cnty. of L.A.*, 974 F.3d 1012, 1018 (9th Cir. 2020). Plaintiffs claim violations related to a lack of due process, an abuse of process, and *Monell* municipal liability.

The due process claim falls flat. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976). Such a claim requires a plaintiff to show (1) the existence of a property or liberty interest protected by the Constitution, (2) a deprivation

of the interest by government action, and (3) a lack of due process. *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008). Here, Plaintiffs do not adequately allege a property or liberty interest. As discussed *supra*, the eviction allegations have been rejected by this Court. Subsequently, no other property or liberty interest remain.[1] Further, even could Plaintiffs argue a viable interest, they do not allege inadequate notice, hearing, or ability to contest the case against them. Instead, as is Plaintiffs' wont, they append documents supporting a contrary conclusion. (Doc. 1 Exhs. B, C, E–H.) The Complaint includes extensive correspondence between Plaintiffs and Defendants, from which the Court reasons Plaintiffs had clear notice of the action against them. (Doc. 1 Exhs. B, C, E–H.) The communications show protracted negotiations about the issues raised herein. Moreover, Plaintiffs also attach an administrative order issued by a hearing officer in which Plaintiffs conducted a cross-examination of Defendant Mark Stento. (Doc. 1 Exh. D.) Plaintiffs do not allege that hearing was procedurally deficient.

Count Six (the *Monell* claim) fails because it hinged on the success of the due process claim and was conclusory.[2] (Doc. 1 ¶¶ 42–44.) And Count Seven (the abuse of process claim) fails because Plaintiffs do not point to a specific act or threat unauthorized by the administrative process. *Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1060 (D. Ariz. 2012) (defining abuse of process as "a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the course of the process"). Here, Plaintiffs simply impute bad intent to Defendants. (Doc 1 ¶ 41.) But "there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id*.

. . . .

. . . .

---

[1] Fees and fines are generally considered to be penalties, not property. And even if untrue, Plaintiffs do not appear to have paid them, so any deprivation would be mere speculation at this time.

[2] The *Monell* liability claim simply asserts that the "Zoning Permit Timeframes 2020" policy caused "the constitutional violations." (Doc. 1 ¶ 43–44.) Plaintiffs do not explain how the policy, which appears was never enforced, caused those violations.

**iv. Jury Trial Claim (Count Eight)**

Lastly, Plaintiffs' jury trial claim is doomed. First, regarding the federal claim, "the Seventh Amendment's guarantee of the right to a civil trial by jury does not apply to the states and was not incorporated into the Fourteenth Amendment." *R.J. Reynolds Tobacco Co. v. Shewry*, 423 F.3d 906, 924 (9th Cir. 2005). Second, regarding the state claim, Arizona law recognizes the right to a jury trial in civil actions "only when afforded by a statute or the constitution." *EFG Am., LLC v. Arizona Corp. Comm'n*, 259 Ariz. 564 (Ariz. Ct. App. 2025) (rejecting the extension of *Jarkesy* to Arizona state law). Absent statutory or constitutional authorization, a defendant is entitled to a jury trial for a modern statutory offense only if the offense has a "common law antecedent," which is to say, if it "contains elements comparable to those found in the common law offense." *Derendal v. Griffith*, 209 Ariz. 416, 425 (Ariz. 2005). In this instance, Plaintiff does not raise, nor is the Court aware, of Arizona precedent establishing that the zoning law at issue (A.R.S. § 11-815) has a common law antecedent. Plaintiff would also struggle to overcome the fact that the statute is entitled to the further *Derendal* presumption that "no jury right attaches" because the statute authorizes penalties only up to a "class 2 misdemeanor." *See Derendal*, 209 Ariz. at 426 ("If the legislature has defined an offense as a misdemeanor . . . we presume that the offense is petty, and no jury right attaches"); A.R.S. § 11-815(D) ("Civil penalties shall not exceed the amount of the maximum fine for a class 2 misdemeanor").

**B. Leave to Amend**

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1129. Therefore, the Court offers Plaintiffs an opportunity to file a First Amended Complaint only as to the RLUIPA, FHA, and ADA claims (Counts One, Two, Three, and Four). The other Counts (Five, Six, Seven, and Eight) are dismissed without leave to amend because further amendment would be futile.

The Court leaves Plaintiff with two warnings. First, although the Court accepted Plaintiffs untimely renewed Applications, another untimely filing may be grounds for the Court to reject the filing and close the case; second, Plaintiffs are cautioned to strictly comply

with the Court's guidance provided in this Order, otherwise the Court may dismiss the action pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

**IT IS THEREFORE ORDERED** directing the Clerk of Court to reopen this case.

**IT IS FURTHER ORDERED** denying Plaintiffs' renewed Applications to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 10, 11.) Plaintiffs shall either refile the Applications with sufficient information or pay the filing fee within **thirty (30) days** from the date of this Order, or this action will be terminated.

**IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1) with leave to amend. Plaintiffs may file a First Amended Complaint but must do so no later than **thirty (30) days** from the issuance of this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case if Plaintiffs fail to timely file renewed Applications to Proceed in District Court Without Prepaying Fees or Costs (or pay the filing fee), or if Plaintiffs fail to timely file a First Amended Complaint.

Dated this 24th day of September, 2026.

Honorable John J. Tuchi
United States District Judge